**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Darrell J. LaRue


        v.                                    Civil No. 07-cv-096-SM

Jane Coplan, Warden,
Lakes Region Facility,
New Hampshire State Prison

## <u>O R D E R</u>

        Before the Court for preliminary review is Darrell J.
LaRue's petition for a writ of habeas corpus (document no. 1)
filed pursuant to 28 U.S.C. § 2254.  <u>See</u> Rule 4 of the Rules
Governing Section 2254 Cases in the United States District Courts
("§ 2254 Rule") (requiring initial review to determine whether
the petition is facially valid).  As discussed below, I find that
LaRue has sufficiently demonstrated the facial validity of his
petition to allow it to proceed at this time.

<u>Standard of Review</u>

        Under this court's local rules, when an incarcerated
plaintiff commences an action pro se and in forma pauperis, the
magistrate judge is directed to conduct a preliminary review and
to prepare a report and recommendation advising the district

judge whether the action, or any portion thereof, should be
dismissed because:

> (I) the allegation of poverty is untrue, the
> action is frivolous, malicious, or fails to state
> a claim upon which relief may be granted, or seeks
> monetary relief from a defendant who is immune
> from such relief under 28 U.S.C. § 1915A(b); or
>
> (ii) it fails to establish subject matter
> jurisdiction under Fed. R. Civ. P. 12(b)(1).

United States District Court for the District of New Hampshire
Local Rule ("LR") 4.3(d)(2).  In conducting a preliminary review,
the Court construes pro se pleadings liberally.  See Ayala
Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990)
(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe
pro se pleadings liberally in favor of the pro se party).  "The
policy behind affording pro se plaintiffs liberal interpretation
is that if they present sufficient facts, the court may intuit
the correct cause of action, even if it was imperfectly pled."
Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert.
denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions
made by the petitioner and inferences reasonably drawn therefrom
must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3
(1st Cir. 1996) (stating the "failure to state a claim" standard

2

of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  See Eveland v. Dir. of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988).  Applying this standard, the facts alleged by LaRue are as follows.

Background

Between July 18, 2004 and August 25, 2004, LaRue was arrested three times for driving while intoxicated ("DWI"). After the third arrest, LaRue was charged by indictment with three DWI felonies, pursuant to a provision of the New Hampshire Motor Vehicle Code which permits fourth and subsequent DWI offenses to be prosecuted as felonies.  See Rev. Stat. Ann. ("RSA") 265:82-b(II)(c).  LaRue had been convicted of three DWI convictions between 1996 and 1997.  At the time that LaRue was convicted in 1996 and 1997, New Hampshire law limited the State's ability to use those convictions as predicate DWI convictions for purposes of enhancing future DWI offenses to a period of seven years.  New Hampshire law, at the time LaRue was charged in 2004, however, had been amended, and expanded the window during which DWI convictions could be used as predicate offenses for purposes

of enhancing a future DWI to ten years.  See RSA 265:82(b)(II).

Accordingly, LaRue's 1996 and 1997 DWI convictions were used to

enhance the 2004 DWI misdemeanor charges to felonies.[1]

Attorney James Brooks from the public defender's office was

appointed to represent LaRue on the 2004 charges.  LaRue had

previously been represented by another attorney in the public

defender's office and had been dissatisfied with the

representation he received.  Attorney Brooks discussed the issue

with LaRue and explained that dissatisfaction with a prior public

defender did not disqualify Attorney Brooks from representing

LaRue in a separate matter.  Despite Attorney Brooks' assurances,

LaRue continued to believe that Brooks had a conflict of interest

in representing LaRue.  It does not appear, however, that neither

---

[1]The indictments charging LaRue with DWI contain headings
which are not part of the substance of the charge.  These
headings identify the charges as "Class B felonies."  The statute
does not identify the classification of a felony for a fourth or
subsequent DWI, but allows the offense to be brought as an
unclassified "felony."  The classification of a felony is
relevant to, among other things, the maximum sentence that may be
imposed.  Pursuant to RSA 651:2(II)(a) & (b), a person convicted
of a class A felony can be imprisoned for a maximum of 15 years,
a person convicted of a class B felony can be imprisoned for a
maximum of 7 years.  Pursuant to RSA 262:23, after a conviction
for the unclassified felony of operating a motor vehicle after
having been certified as a habitual offender, a person can be
imprisoned for a maximum of five years.

Attorney Brooks nor LaRue took any action to hire new counsel or to request that new counsel be appointed by the Court.

LaRue also claims that the prosecution against him was marred by the prior relationship between LaRue and a member of the prosecutor's office.  Specifically, LaRue alleges that he was represented by Attorney Nancy Gray at the public defender's office on the 1996 and 1997 DWI charges.  Attorney Gray, at the time of LaRue's 2004 prosecution, was the Deputy County Attorney for the prosecutor's office charging LaRue.  LaRue contends that the potential for a violation of his confidential relationship with Attorney Gray was enough to deny him a fair trial.

When LaRue was indicted by the grand jury, he was charged by three separate indictments with three DWI offenses, each of which indicated that the prosecution was seeking an enhanced penalty by stating "class enhanced penalty."  LaRue was also charged by the grand jury with three additional indictments alleging non-criminal traffic violations for transporting unsealed alcoholic beverages in the passenger area of a car, a violation of RSA 265:81.

The three DWI indictments initially charged LaRue with a fifth offense DWI, and alleged four prior DWI convictions in 1996

and 1997.  Prior to trial, the prosecutor moved to amend the indictments to allege that LaRue was charged with "fourth or subsequent" DWIs, as LaRue had only three prior DWI convictions. Attorney Brooks assented to the motion to amend without consulting LaRue.  LaRue asserts that he would have objected to the amendment had he been consulted.

LaRue asserts that Attorney Brooks failed to advise LaRue of plea offers, failed to provide LaRue with all of the discovery in the case despite LaRue's request for the discovery materials, failed to present any defense to the charges, failed to object to prosecution motions, failed to file motions on LaRue's behalf, failed to investigate the case or the prior DWI convictions, failed to challenge the constitutionality of the statute, failed to challenge the retroactive application of the statute.  LaRue further alleges that Attorney Brooks coerced him to plead guilty by providing LaRue with false information about LaRue's potential sentence, refusing to present any defense on LaRue's behalf, and that Attorney Brooks exploited the fact that LaRue had certain mental deficiencies which were caused or exacerbated by prescribed medications LaRue was taking to pressure LaRue to plead guilty.

LaRue pleaded guilty on January 28, 2005.  He was sentenced to two concurrent 2 – 5 year prison sentences, and an additional suspended prison sentence.  On January 19, 2006, LaRue filed a motion in the sentencing court to withdraw his guilty plea and vacate his sentence.  After a hearing, the motion was denied on May 9, 2006.  LaRue, with the assistance of counsel, filed a notice of appeal in the New Hampshire Supreme Court.  The appeal was declined on December 13, 2006.  This petition followed.[2]

Discussion

I.   <u>The Claims</u>[3]

LaRue raises the following claims in his petition before this Court:

---

[2]While LaRue's appeal of the denial of his motion to withdraw his plea and vacate sentence was pending before the New Hampshire Supreme Court, LaRue filed a petition for a writ of habeas corpus in the State Superior Court containing many of the claims contained in his motion to withdraw his plea.  That petition was denied and was not appealed to the New Hampshire Supreme Court.  Because I find that LaRue has exhausted all of the claims herein by virtue of his motion to withdraw plea and vacate sentence and subsequent appeal, the claims raised in the Superior Court habeas action are irrelevant to my preliminary review of this matter.

[3]The claims as identified in this Order will be considered to be the claims raised in the petition for all purposes.  If LaRue disagrees with the identification of the claims herein, he must properly move to amend his petition.

A.    Denial of the Effective Assistance of Trial Counsel in
      Violation of the 6th and 14th Amendments

      1.    LaRue was denied the effective assistance of
            counsel in that Attorney Brooks did not withdraw
            from LaRue's case or refer LaRue to alternative
            counsel despite LaRue's previous conflict with a
            colleague of Attorney Brooks;

      2.    LaRue was denied the effective assistance of
            counsel when Attorney Brooks  neglected to provide
            LaRue with certain information, including plea
            offers, motions, and discovery materials, that
            LaRue alleges needed to make informed and
            intelligent decisions in his case;

      3.    LaRue was denied the effective assistance of
            counsel when Attorney Brooks refused to present
            LaRue's desired motions, objections and defenses
            to the trial court, including a challenge to the
            defective indictments, a challenge to the
            constitutionality of the statute under which LaRue
            was charged, and a challenge to the retroactive
            application of the statute under which LaRue was
            charged, the conducting of reasonable
            investigation, the examination of LaRue's prior
            convictions, and objection to the prosecution's
            motion to amend the indictments;

      4.    LaRue was denied the effective assistance of
            counsel when Attorney Brooks used his knowledge of
            LaRue's mental deficiencies and medication status
            to coerce LaRue into pleading guilty by falsely
            advising LaRue that he would face a lengthy prison
            sentence after trial while refusing to present a
            defense to the charges;

B.    Violation of Ex Post Facto Clause Under Art. I, § 10 of
      the U.S. Constitution

      LaRue alleges that the utilization of his 1996 and 1997
      DWI convictions as predicate offenses, for purposes of

8

enhancing his 2004 DWI offenses to felonies, violated
his rights under the Ex Post Facto Clause, by
retroactively extending the time period during which
the 1996 and 1997 convictions could be used as
predicate offenses;

C.   <u>Claims Relating to Prejudicial, Defective, or
Improperly Amended Indictments and Alleging Violations
of LaRue's 5th, 6th and 14th Amendment Rights to a Fair
Trial and Due Process of Law</u>

1.   LaRue asserts that he was prejudiced by the
improper characterization of his offense as a
"Class B Felony" on the face of his indictment
when the offense is actually an unclassified
felony;

2.   LaRue asserts that he was prejudiced by the
prosecution improperly charging him by grand jury
indictment with non-criminal traffic violations;

3.   LaRue alleges that the enhanced penalty notice on
the face of his indictment failed to provide him
with sufficient notice of the classification of
the underlying offense that was to be enhanced and
the specific enhancement sought;

4.   LaRue claims the indictments were defective and
prejudicial to him, in that they falsely charged a
fifth offense DWI when, in fact, LaRue only had
three prior DWI convictions;

5.   LaRue asserts that his indictments were improperly
amended because the motion to amend relied on the
assertion that the amendments did not change the
substance of the charges against him.  LaRue
claims, however, that if the prior convictions,
which were the subject of the amendments, were not
substantive elements of the charge, but merely
allegations of predicate offenses included in the
indictment for enhancement purposes that could be

changed freely, they should have been stricken
from the indictment as prejudicial.  Conversely,
LaRue argues that if the amendments were
substantive changes, they should not have been
agreed to by his counsel or granted by the trial
court, as the grand jury's substantive findings
should not be changed;

D.    The Constitutionality of RSA 265:82-b(II)

LaRue claims that RSA 265:82-b is unconstitutionally
vague, ambiguous, misleading, and allows for arbitrary
and discriminatory enforcement, in that it defines a
fourth or subsequent DWI offense as an unclassified
felony subject to the same penalties as a misdemeanor
DWI offense, but does not identify a maximum sentence
or felony classification that would provide a defined
maximum sentence, leaving prosecutors and judges to
guess at the penalty provided by law;

E.    Conflict with Prosecution

LaRue alleges that he was denied a fair trial because
his former attorney, who represented him on the charges
used as predicate offenses in the instant case, is a
supervising prosecutor in the office that prosecuted
the instant case, which gave rise to a potential
violation of confidentiality, the appearance of
impropriety, and the denial of a fair trial;

F.    Guilty Plea was not Voluntary, Intelligent and Knowing,
      in Violation of LaRue's 5th, 6th and 14th Amendment
      Rights to Due Process and a Fair Trial

      1.    LaRue was coerced into pleading guilty under
            duress by his attorney, who exploited LaRue's
            weaknesses, provided him with false information,
            and refused to present a defense on his behalf in
            order to pressure him to plead guilty;

      2.    LaRue was under the influence of mind-altering
            narcotic medications when he entered his guilty

10

plea, which impaired his ability to understand and
intelligently enter into his negotiated plea
agreement;

3.    The trial court was aware of LaRue's medication
intake and failed to ensure LaRue's ability to
make a knowing, intelligent and voluntary waiver
of his rights prior to accepting his guilty plea.

## II.  Custody and Exhaustion

To be eligible for habeas relief, LaRue must show that he is
both in custody and has exhausted all State court remedies, or
that he is excused from exhausting those remedies because of an
absence of available or effective State corrective processes.
See 28 U.S.C. § 2254(a) & (b); see also Adelson v. DiPaolo, 131
F.3d 259, 261 (1st Cir. 1997) (citing authority to explain the
exhaustion principle).  A petitioner's remedies in New Hampshire
are exhausted when the State's highest court has had an
opportunity to rule on the petitioner's claims.  See Lanigan v.
Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, Maloney v
Lanigan, 488 U.S. 1007 (1989) ("habeas corpus petitioner must
have presented the substance of his federal constitutional
claim[s] to the State appellate courts so that the State had the
first chance to correct the claimed constitutional error"); see
also Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring
petitioner to have fairly presented the federal nature of his

11

claims to the State courts to give them the first opportunity to remedy the claimed constitutional error).

As to the first requirement, petitioner is in custody, as he is serving a State prison sentence pursuant to the conviction in question in this case.  Regarding the second requirement, LaRue has submitted, with his petition, the motion to withdraw plea and vacate sentence that was presented to the trial court, as well as the notice of appeal filed after the denial of that motion. While it is not apparent on the face of the notice what attachments were appended to the notice of appeal, a letter to LaRue from his appellate counsel indicates that the relevant items were attached to the notice of appeal.  Accordingly, I presume that the pleading filed in the trial court was attached to the notice of appeal.  That motion clearly raised each of the claims raised here, including the federal nature of each claim. Accordingly, I find that LaRue has demonstrated that he has previously raised his claims, including the federal nature of the claims, in the State's highest appellate court and given that Court the opportunity to rule on the claims.  I find, therefore that the claims presented here have been properly exhausted in

the State courts to allow petitioner's federal habeas action to
proceed at this time.

Conclusion

I direct that LaRue's petition be served on the Respondent.
<u>See</u> § 2254 Rule 4.  The Respondent shall file an answer or other
pleading in response to the allegations made therein.  <u>See</u> <u>id.</u>
(requiring reviewing judge to order a response to the petition).
The Clerk's office is directed to serve the New Hampshire Office
of the Attorney General, as provided in the Agreement On
Acceptance Of Service, copies of this Order and the habeas
petition (document no. 1).  Respondent shall answer or otherwise
plead within thirty (30) days of the date of this Order.  The
answer shall comply with the requirements of § 2254 Rule 5
(setting forth contents of the answer).

Upon receipt of the response, the Court will determine
whether a hearing is warranted.  <u>See</u> § 2254 Rule 8 (providing
circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires
that every pleading, written motion, notice, and similar paper,

after the petition, shall be served on all parties.  Such service
is to be made by mailing the material to the parties' attorneys.

   **SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge


Date:     May 2, 2007

cc:       Darrell J. LaRue, pro se


14