UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Darrell J. LaRue</u>,
    Petitioner

    v.                                         Civil No. 07-cv-96-SM
                                                 Opinion No. 2008 DNH 025
<u>New Hampshire Adult Parole Board</u>,
    Respondent

**<u>O R D E R</u>**

Petitioner seeks federal habeas relief under the provisions of 28 U.S.C. § 2254, on a number of asserted grounds. The respondent has answered, correctly pointing out, <u>inter</u> <u>alia</u>, that the petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 <u>et</u> <u>seq</u>. The parties have filed motions for summary judgment addressing the timeliness issue.

AEDPA establishes a one-year limitations period for federal habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). Putting aside exceptions not pertinent here, the one-year limit runs from the time that the state court judgment of conviction became final by the conclusion of direct review <u>or</u> <u>the</u> <u>expiration</u> <u>of</u> <u>the</u> <u>time</u> <u>for</u> <u>seeking</u> <u>it</u>. (Emphasis added.) 28 U.S.C. § 2244(d)(1)(A). Excluded from that one-year period is "[t]he time during which a properly filed application for state

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2).

Here, petitioner was convicted and sentenced in state court, pursuant to his guilty pleas, on three counts of driving while under the influence of alcohol, and three counts of transporting alcohol.  Under the terms of his plea agreement he waived his right to direct appeal of those convictions.  In fact, petitioner did not appeal.

Judgment was entered against petitioner on January 28, 2005, and the thirty day period available for him to seek direct review by the New Hampshire Supreme Court expired on February 28, 2005 (February 27, 2005, is thirty days from January 28, but fell on a Sunday).  The AEDPA limitations period began to run, then, on March 1, 2005.  Over ten months later, on January 19, 2006, petitioner filed a motion for post-conviction or collateral relief (to vacate his pleas, convictions and sentence) in the state court.  That pleading tolled (but did not reset) the running of AEDPA's limitations period.  By that point 323 days had run, leaving petitioner with 42 days in which to file his federal habeas petition.

Petitioner's post-conviction motion was finally resolved by the New Hampshire Supreme Court on December 13, 2006, which started the tolled AEDPA period running again. The federal petition had to be filed by January 25, 2007. Petitioner did not file his federal habeas petition until March 30, 2007, well after the limitations period had expired. See David v. Hall, 318 F.3d 343 (1st Cir. 2003) (explaining calculation of AEDPA limitations period).

## Conclusion

The petition is necessarily dismissed as untimely since it was filed beyond the expiration of AEDPA's one-year limitations period, even accounting for periods of tolling. Petitioner's motion for summary judgment (document no. 7) is denied. Respondent's motion for summary judgment (document no. 8) is granted.

**SO ORDERED.**

Steven J. McAuliffe
Chief Judge

January 30, 2008

cc:  Darrell J. LaRue, pro se
     James T. Boffetti, Esq.
     Stephen Fuller, NHAG's Office
     John Vinson, NH DOC